1

2

3

4

5

6                         UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8
  MARK A. STEVENS,                    )
9                                     )
                    Plaintiff,        )
10                                    )
        vs.                           )          3:08-cv-00524-RCJ-VPC
11                                    )
  JAMES BACA et al.,                  )
12                                    )              ORDER
                    Defendants.       )
13  _____  )

14

15        This case arises out of Defendants' alleged unconstitutional burdening of Plaintiff's religious

16  exercise.  Pending before the Court is the Magistrate Judge's ("MJ") Report and Recommendation

17  ("R&R") (ECF No. 25), recommending denial of Defendants' Motion to Dismiss (ECF No. 18).  For

18  the reasons given herein, the Court rejects the R&R and grants the Motion to Dismiss.

19  **I.      FACTS AND PROCEDURAL HISTORY**

20        Plaintiff Mark A. Stevens, a prisoner appearing pro se, is currently incarcerated at Nevada

21  State Prison ("NSP") in the custody of the Nevada Department of Corrections ("NDOC") (Compl.,

22  ECF No. 7).  Plaintiff sued multiple Defendants in this Court pursuant to 42 U.S.C. § 1983, alleging

23  violations of his constitutional and statutory rights to the free exercise of religion that allegedly

24  occurred at NSP. *Id.*  Plaintiff alleges that prison regulations, specifically recent amendments to prison

25  regulations, burden his free exercise of religion. *Id.*  He asserts that defendants "have intentionally and

1   deliberately amended AR 810 to discriminate against, and to create a burden of worship for plaintiff."

2   *Id.*

3          The instant motion addresses only exhaustion of nonjudicial remedies.   In the Complaint,

4   plaintiff concludes that he has exhausted his administrative remedies, and he lists the numbers of his

5   five grievances, which were filed between September 18, 2006 and March 25, 2007. (*See id.* 21–22).

6   Defendants maintain that the Complaint on its face demonstrates that Plaintiff has failed to exhaust

7   his administrative remedies. (*See* Mot. Dismiss 5–7, ECF No. 18).   They contend that because

8   Plaintiff's alleged grievances all pre-date the June 2008 amendment of AR 810, Plaintiff admits he

9   did not grieve the 2008 amendments. *See id.*

10  **II.     LEGAL STANDARDS**

11         The Prison Litigation Reform Act of 1996 ("PLRA") amended 42 U.S.C. § 1997e to

12  provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of

13  this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

14  facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

15         Although once within the discretion of the district court, the exhaustion of administrative

16  remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001).   Those remedies "need

17  not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534

18  U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739–40 n.5).   Even when the prisoner seeks remedies

19  not available in the administrative proceedings, notably money damages, exhaustion is still required

20  prior to filing suit. *Booth*, 532 U.S. at 741.   The Supreme Court has strictly construed section

21  1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into statutory exhaustion

22  requirements where Congress has provided otherwise.").

23         Plaintiffs must properly exhaust nonjudicial remedies as a precondition to bringing suit. The

24  PLRA requires "proper exhaustion," meaning that the prisoner must use "all steps the agency holds

25                                    Page 2 of 4

1   out, and doing so *properly* (so that the agency addresses the merits)." *Woodford v. Ngo*, 548 U.S.

2   81, 89 (2006); *see, e.g., Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134 (D. Nev. 2006) (Reed, J.)

3   (ruling that "proper exhaustion" consists of fully addressing the grievance on the merits and

4   complying with all critical procedural rules and deadlines). Furthermore, the "language [of section

5   1997e(a)] clearly contemplates exhaustion prior to the commencement of the action as an

6   indispensable requirement." *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (quoting

7   *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31 (1st Cir. 2002)). Requiring exhaustion prior to

8   filing suit furthers the congressional objectives of the PLRA as set forth in *Porter v. Nussle*, 534 U.S.

9   516, 524–25. *See id.* at 1200.

10        The failure to exhaust administrative remedies as required by § 1997e(a) is an affirmative

11   defense, and defendants bear the burden of raising and proving that the plaintiff has not exhausted.

12   *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n. 9 (9th Cir.

13   2003), *cert denied*, 540 U.S. 810 (2003). Failure to exhaust is treated as a matter in abatement, not

14   going to the merits of the claim, and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt*,

15   3154 F.3d at 1119. The court may look beyond the pleadings and decide disputed issues of fact

16   without converting the motion into one for summary judgment. *Id.* "[I]f the district court concludes

17   that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim

18   without prejudice." *Id.* at 1119–20.

19        A prison's own procedures define the contours of proper exhaustion. *See Jones*, 549 U.S. at

20   218. In Nevada, Administrative Regulation 740 ("AR 740") governs the grievance

21   procedure. *See* Nevada Department of Corrections, Administrative Regulation 740, *available at*

22   http://www.doc.nv.gov/ar/pdf/AR740.pdf. In order to exhaust available remedies, AR 740 requires

23   the following: (1) an informal review process; (2) a first level formal grievance appealing the informal

24   grievance decision to the warden; and (3) a second level grievance, which is decided by the Assistant

25

Director of Operations. *Id.*   Administrative Regulation 810 ("AR 810"), effective July 8, 2008, governs religious activities. *See* Nevada Department of Corrections, Administrative Regulation 810, *available at* http://www.doc.nv.gov/ar/pdf/ AR810.pdf.

**III.    ANALYSIS**

The MJ reasoned that Defendants are not entitled to dismissal because they bear the burden of proving the affirmative defense of nonexhaustion, and they adduce no evidence proving that Plaintiff did not submit post-amendment grievances.   For example, Defendants did not provide a printout of all Plaintiff's past grievances to show that no grievances were made after the amendments were adopted.

The Court respectfully disagrees with this analysis.   Although Defendants have adduced no additional evidence disproving exhaustion, they have shown that Plaintiff has admitted his grievances predated the 2008 amendments of which he complains.   If Plaintiff alleged having filed grievances without alleging their dates, the Complaint would not on its face indicate nonexhaustion, and Defendants would perhaps have to provide a grievance record.   But Plaintiff has listed the dates of his alleged grievances, and the affirmative defense of nonexhaustion therefore appears on the face of the Complaint. *See Jones*, 549 U.S. at 215.

**CONCLUSION**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 25) is REJECTED.

IT IS FURTHER ORDERED that the motion to Dismiss (ECF No. 18) is GRANTED.

IT IS SO ORDERED.

DATED: This 24th day of August, 2010.

_____
ROBERT C. JONES
United States District Judge